UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY ANN MURRAY,
previously known as Kimberly Ann
Correnti,

        Plaintiff,

              v.                                          Case No:    2:18-cv-748-FtM-NPM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

## OPINION AND ORDER

Plaintiff Kimberly A. Murray seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability benefits and supplemental security income benefits.   The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum (Doc. 22).   For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 405(g) of the codified Social Security Act, 42 U.S.C. § 301 *et seq.*

## I.    Social Security Act Eligibility and the ALJ Decision

### A.    Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.   The impairment must be severe, making the claimant

unable to do her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

## B.    Procedural history

On April 28, 2011, Plaintiff applied for a period of disability and disability insurance benefits and supplemental security income. (Tr. at 225, 415). In both applications, Plaintiff asserted an onset date of July 15, 2003. (*Id.* at 415-429). Plaintiff's applications were denied initially on July 20, 2011 (*Id.* at 225, 226) and on reconsideration on November 8, 2011 (*Id.* at 239, 240). Administrative Law Judge Maria C. Northington held a hearing on February 5, 2014. (*Id.* at 142-201). On April 3, 2014, the ALJ rendered an unfavorable decision finding Plaintiff not disabled from July 15, 2003 through the date of decision. (*Id.* at 254-274). The Appeals Council granted Plaintiff's request for review and issued its decision remanding the case on September 8, 2015. (*Id.* at 276-278).

On remand, the ALJ held another administrative hearing on December 21, 2016. (*Id.* at 36-135). The ALJ issued an unfavorable decision on August 9, 2017 and found Plaintiff not disabled from July 15, 2003 through the date of her decision. (*Id.* at 14-28). On June 14, 2018, the Appeals Council granted review and issued an unfavorable decision on September 14, 2018 finding Plaintiff not disabled any time through August 9, 2017. (*Id.* at 4-8). Plaintiff filed a Complaint (Doc. 1) in this Court on November 5, 2018, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 17).

## C.     Summary of the Commissioner's decision

An ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled.   *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five-step process determines whether the claimant:   (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy.   *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).   The claimant has the burden of proof and persuasion through step four and then the burden of proof shifts to the Commissioner at step five.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the applicable regulations provide that if the Appeals Council grants review of a claim, then the decision of the Appeals Council is the Commissioner's final decision.   *Sims v. Apfel*, 530 U.S. 103, 106-07; 20 C.F.R. § 404.984.   In this case, the Appeals Council granted review and entered a decision on September 14, 2018, and it adopted the majority of the ALJ's findings.   For this reason, when appropriate, the Court will cite to either the Appeals Council's decision or the ALJ's decision adopted by the Appeals Council.

Here, the ALJ found Plaintiff met the insured status requirements through September 30, 2006.   (Tr. at 17).   At step one of the evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 15, 2003.   (*Id.*).   At step two, the ALJ found Plaintiff had the following severe impairments:

"congenital fusion of the cervical and thoracic spine at multiple levels with spondylosis, scoliosis, bipolar disorder, opioid dependence, alcohol abuse and history of marijuana and cocaine abuses. 20 C.F.R. §§ 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (*Id.*).

At step four, the ALJ determined the following as to Plaintiff's RFC:

After careful consideration of the entire record that include Dr. Levine's opined functional limitations, the undersigned finds that the claimant is capable of performing limited light work with the ability to occasionally lifting 30 pounds, as well as, lifting 10 pounds frequently. She is limited to carrying 10 pounds frequently. The claimant is capable of sitting for up to six hours in an eight-hour workday. She is capable of standing for 45 minutes at a time and walking for 30 minutes at a time. Additionally, after standing and/or walking for such time, she should sit briefly for 1-2 minutes, but such would not cause the claimant to be off-task nor cause her to leave the workstation. She is able to perform occasional postural functions of climbing ramps/stairs, and stooping. She is to avoid uneven surfaces when walking. She is to perform no crawling, no kneeling and no climbing of ladders/ropes/scaffolds. The claimant is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. She is to avoid work with heavy vibration machinery. The claimant is to perform no overhead lifting, no overhead carrying with the bilateral upper extremities. She is to perform no repetitive twisting of the neck/cervical spine. She is to perform no forceful torque/twisting jobs with the left non-dominant upper extremity, but the right dominant upper extremity is not limited. She is to avoid exposure to extreme cold temperatures. She retains the capacity to understand, remember, and carry-out simple instructions and perform simple routine tasks as consistent with unskilled work.

(Tr. at 20).

The ALJ considered Plaintiff's age, education, work experience, and RFC and found Plaintiff unable to perform her past relevant work. (*Id.* at 6-27). At step five,

relying on the testimony of the vocational expert, the ALJ found there are jobs in significant numbers in the national economy Plaintiff can perform. (*Id.* at 27-28). Specifically, the ALJ found Plaintiff was capable of performing such jobs as: (1) order clerk (food and beverage), DOT[1] # 209.567-014; (2) table worker, DOT # 739.687-082; and (3) call out operator, DOT # 237.367-014. (*Id.* at 28). The ALJ concluded Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and found Plaintiff was not disabled from the alleged onset date through the date of decision. (*Id.*).

The Appeals Council issued its own written decision setting forth seven findings. (*Id.* at 6-7). These findings mirror the ALJ's findings, including that Plaintiff was not disabled at any time through to the date of the ALJ's decision. (*Id.* at 7).

## II.     Analysis

### A.     Standard of review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—that is, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982);

---

[1]   "DOT" refers to the *Dictionary of Occupational Titles*.

*Richardson*, 402 U.S. at 401).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, accounting for evidence favorable and unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

Plaintiff raises three issues on appeal: (1) whether the ALJ and the Appeals Council properly considered the opinion of the medical expert who testified at the hearing; (2) whether the ALJ and the Appeals Council properly considered the opinion evidence in the record; and (3) whether the ALJ properly resolved conflicts between the vocational expert testimony and the DOT. (Doc. 22 at 12-29). For brevity, the Court combines Plaintiff's first two issues.

### B. Whether the ALJ and the Appeals Council properly considered the opinion evidence

Plaintiff argues the ALJ erred by not accounting for the opinions of Drs. Allan Levine and James Patty when inquiring of the vocational expert whether a significant number of jobs exist in the national economy that Plaintiff could perform. As Plaintiff argues, Dr. Levine limited her to lifting no more than ten pounds frequently, carrying no more than ten pounds occasionally, and standing or walking no more than five hours in an eight-hour workday. (Doc. 22 at 12-16). And Dr. Patty limited Plaintiff to two hours

of standing or walking.   (Doc. 22 at 20).   But as the Commissioner points out, the ALJ explicitly asked the vocational expert to identify only sedentary jobs, which do not exceed either Dr. Levine's or Dr. Patty's limitations.   (Tr. at 127-130).[2]   Thus, the ALJ posed a hypothetical that included all of Plaintiff's impairments, and the vocational expert's opinion therefore constituted substantial evidence in support of the finding that Plaintiff could adjust to other available work.   *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 916 (11th Cir. 2014); *see also Flanagan v. Colvin*, No. 8:15-cv-1542-T-JRK, 2016 WL 4890355, at *4 (M.D. Fla. Sept. 15, 2016) (finding that a more restrictive hypothetical posed during the hearing cured any error in the RFC).

**C.     Whether the ALJ properly resolved conflicts between the vocational expert testimony and the DOT**

Plaintiff argues the ALJ's determination at step five is not supported by substantial evidence because the ALJ failed to resolve an apparent inconsistency between the vocational expert's testimony that the Plaintiff can adjust to working three representative jobs listed in the DOT, and the DOT's descriptions of those jobs as including a requirement that exceeds Plaintiff's limitations.   As mentioned above, the ALJ found in her RFC determination that Plaintiff "retains the capacity to understand, remember, and carry out simple instructions and perform simple routine tasks as consistent with unskilled work," and given that limitation, the vocational expert testified Plaintiff could perform the representative jobs of table worker, order clerk, and call out operator.   (Tr. at 20, 28-29).

---

[2]   According to the DOT, the positions of order clerk, table worker, and call out operator are categorized as sedentary work, meaning they require, at most, lifting no more than 10 pounds, occasionally lifting or carrying articles like docket files, ledgers, and small tools, and mostly sitting with only an occasional amount of walking or standing.   20 C.F.R. §§ 404.1567(a), 416.967(a).

But the DOT explains that the latter two examples – order clerk and call out operator – require the ability "to carry out instructions furnished in written, oral, or diagrammatic form" and the ability to "[d]eal with problems involving several concrete variables in or from standardized situations." *See* DOT §§ 209.567-014, 237.367-014. Hence, Plaintiff argues the vocational expert's opinion that Plaintiff can adjust to work similar to that of an order clerk or call out operator is contradicted by DOT descriptions for those very same jobs suggesting she cannot.

While an ALJ has an independent duty to investigate and resolve such conflicts, *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018), the vocational expert also testified someone with Plaintiff's RFC can perform work similar to that of a table worker, and Plaintiff does not contend there is any inconsistency between this opinion and the DOT's description of such jobs as requiring an ability to "understand and carry out simple instructions." (*See* Doc. 22 at 25-27). Consequently, the ALJ's determination that Plaintiff can adjust to adequately prevalent jobs in the national economy remains supported by substantial evidence, and the ALJ's failure to resolve any apparent inconsistency between the vocational expert and the DOT concerning Plaintiff's ability to adjust to work similar to that of an order clerk or call out operator is harmless. *Wooten v. Comm'r of Soc. Sec.*, 787 F. A'ppx 671, 674 (11th Cir. 2019) (holding that, even if there had been an inconsistency between the vocational expert's testimony and the DOT, the ALJ's error was harmless when the vocational expert identified other jobs existed in significant numbers in the national economy Plaintiff could perform).

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record,

the Court finds substantial evidence supports the Commissioner's decision and that there was either no error or no harmful error.

Accordingly, it is hereby **ORDERED**:

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g)**.** The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 30, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record